UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NANCY HARDING and JEFFREY HARDING, on Behalf Of Themselves and All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>v.<br><br>JACOBY & MEYERS, LLP, FINKELSTEIN & PARTNERS, LLP, TOTAL TRIAL SOLUTIONS, LLC, ANDREW FINKELSTEIN and KENNETH OLIVER,<br><br>     Defendants. | Civil Action No. 14-5419 (JMV) |
| BARBARA J. SMALLS, on Behalf Of Herself and All Others Similarly Situated,<br><br>     Plaintiff,<br><br>v.<br><br>JACOBY & MEYERS, LLP, TOTAL TRIAL SOLUTIONS, LLC and ANDREW FINKELSTEIN,<br><br>     Defendants. | Civil Action No. 15-6559 (JMV)<br><br><br><br><u>OPINION</u> |

**FALK, U.S.M.J.**

   This matter comes before the Court upon Plaintiffs' motion for leave to amend the

Complaint. The motion is opposed. The motion is decided on the papers. Fed.R.Civ.P. 78(b). For the reasons set forth below, the motion is **granted.**

## BACKGROUND

*A. Factual and Procedural History*

This is a putative class action for breach of fiduciary duty and breach of contract. The matter arises from a dispute between Plaintiffs Nancy and Jeffrey Harding (the "Hardings" or "Plaintiffs") and their former lawyers, Finkelstein & Partners, LLP ("F&P"). Plaintiffs retained F&P to separately represent them in two unrelated personal injury lawsuits. (Compl. ¶¶ 12, 36.) Each executed a retainer agreement which provided for, among other things, that F&P would receive a one-third contingency fee. Both of the Hardings' personal injury cases settled. F&P deducted from the settlement proceeds payments made to Defendant Total Trial Solutions, LLC ("TTS"), an alleged litigation support company that is owned, at least in part, by Defendant Andrew Finkelstein ("Mr. Finkelstein") and Defendant Kenneth Oliver. (Compl. ¶¶ 6-8.)

Plaintiffs commenced this putative class action on August 28, 2014, asserting claims for, *inter alia*, breach of fiduciary duty and breach of contract. Plaintiffs allege that they were improperly charged for work performed by TTS. According to Plaintiffs, Defendants formed TTS to evade ethics rules forbidding attorneys from collecting more than one-third from a net recovery in a personal injury case, as well as rules proscribing charging clients more than the actual cost of the disbursements. Plaintiffs claim that

TTS's work should have been actually covered by F&P's contingency fee arrangement; instead Plaintiffs were charged for TTS's work as a separate expense.

Following dispositive motion practice, and prior to the Undersigned being assigned to the case, multiple scheduling orders were entered by two other Magistrate Judges initially case managing the action. (CM/ECF No. 40, 46, 57 and 63.) Pursuant to one of these Orders entered July 10, 2015, the date by which motions to amend were to be filed was July 24, 2015.[1] In September 2015, the parties raised various discovery disputes with the Court. On October 15, 2015, the Court entered an Order providing that current expert and class certification motion dates were to be held in abeyance pending a decision on the discovery disputes. (CM/ECF No. 63.) No further Orders regarding scheduling of the matter were entered. On February 25, 2016, the case was reassigned to District Judge John M. Vazquez and the Undersigned. On March 9, 2016, Plaintiffs filed a motion to consolidate this case with *Smalls v. Jacoby and Meyers, LLP et al.*, 15-6559 (JMV). On July 25, 2016, the Court denied the motion and granted Plaintiffs leave to file their class certification motion by August 30, 2016. (CM/ECF No. 79.) Although the cases were nearly identical, consolidation was denied primarily because the cases were at different procedural stages. Plaintiffs filed a motion for class certification[2] which District Judge

---

[1] The first Scheduling Order was entered on April 27, 2015, which provided that any motions to amend pleadings were to be filed by July 10, 2015. (CM/ECF No. 40.) A second Order was entered on July 10, 2015, extending the time to amend to July 24, 2015. (CM/ECF No. 46.)

[2] Plaintiffs sought to certify the following class: "Clients of [F&P] who were billed for litigation support services provided by [TTS] from March 31, 2009 until the present." (CM/ECF No. 80, 81.)

3

Vazquez denied, without prejudice, on October 30, 2017. (CM/ECF No. 101.)[3]

On December 7, 2017, Plaintiff moved again to consolidate the *Smalls* and *Harding* cases. Given the passage of time and other developments, the reason for denying consolidation no longer existed. On June 29, 2018, the *Smalls* case was consolidated into the *Harding* case.

According to Plaintiff, while the motion for class certification was pending in this case, deposition testimony taken in *Smalls*, including the deposition of Mr. Finkelstein, TTS's Chief Operating Officer, and F&P's Chief Financial Officer, revealed that TTS was the alter-ego of F&P. At a conference before the Court in *Smalls* on May 18, 2017, Counsel advised of its intention to seek leave to amend to add allegations that TTS is the alter-ego of Mr. Finkelstein and/or Jacoby & Meyers, LLP and is used by them to circumvent ethics rules prohibiting a law firm from charging a profit on disbursements expended by a law firm on a client's behalf. Plaintiffs in *Smalls* filed an application to amend. The Court granted Plaintiffs' application on November 16, 2017, and the *Smalls* Plaintiffs filed an Amended Complaint on November 27, 2017.

**B. Current Motion**

Plaintiffs now seek leave to amend their Complaint in the now consolidated *Harding* case to assert nearly identical allegations to those asserted in Smalls– that TTS is the alter-ego of Mr. Finkelstein and F&P. Defendants do not oppose the motion under

---

[3] On November 2, 2017, Defendants filed a motion for reconsideration which was administratively terminated pending a ruling on Plaintiffs' motion to amend. (CM/ECF No. 125.)

Federal Rule of Civil Procedure 15.[4] (Def.'s Br. at 1.) Instead, Defendants argue that Plaintiffs' motion is out of time and that Plaintiffs have failed to make a showing of good cause to permit moving after the date to amend provided in the July 10, 2015 Scheduling Order ("Scheduling Order"). More specifically, Defendants contend that Plaintiffs' deadline to seek leave to amend expired on July 24, 2015, and that Plaintiffs have not demonstrated good cause as required by Federal Rule of Civil Procedure 16 to warrant relief from the Scheduling Order.

Plaintiffs argue that they were diligent through out the course of the litigation, and reasonably moved for leave to amend after facts were learned in *Smalls* revealing that TTS shares an alter-ego relationship with Mr. Finkelstein, Jacoby & Meyers, and F&P. Plaintiffs contend that their efforts were delayed by Defendants' scheduling their witnesses for deposition near the end of discovery, the then pending motion for class certification, as well as complying with the Court's procedure for seeking leave. Plaintiffs further argue that Defendants unfairly focus on the outdated scheduling order deadline while completely ignoring the evolving procedural history and circumstances in this case and in *Smalls*.

## DISCUSSION

### A. *Legal Standard for Amendment*

Leave to amend is normally governed by the extremely liberal standards set forth

---

[4]Defendants acknowledge that the Court previously ruled in *Smalls* that the same proposed amendment satisfied the requirement for leave to amend under Rule 15. Consequently, the Defendants state that they do not make the same arguments already addressed and ruled on by the Court in *Smalls*. (Def.'s Br. at 1.)

5

in Rule 15. However, a party seeking to amend the pleadings after a deadline in a scheduling order must satisfy the requirements of Rule 16(b)(4)—the party must show good cause for altering the deadline. See Fed.R.Civ.P. 16; Grasso v. Consolidated Rail Corp., No. 12-398, 2013 WL 3167761 at *5 (D.N.J. June 20, 2013); see also Dimensional Commc'n, Inc. v. OZ Optics, Ltd., 148 F. App'x 82, 85 (3d Cir. 2005) (good cause standard when determining the propriety of a motion to amend after the deadline elapsed). Whether "good cause" exists under Rule 16 rests primarily on the diligence, or lack thereof, of the moving party. GlobespanVirata, Inc. v. Texas Instruments, Inc., No. 03-2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005). In determining whether good cause exists, courts typically consider whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired. See Stallings ex rel. Estate of Stallings v. IBM Corp., No. 08-3121, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009) (denying plaintiff's motion to amend because they "had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline"). The ultimate decision to grant or deny leave to amend is a matter committed to the Court's sound discretion. See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1970).

## B. Decision

Plaintiffs seek to amend their pleading essentially to add the same veil-piercing claim–that TTS is the alter-ego of Mr. Finkelstein and F&P– that they were permitted to add to the *Smalls* case. Since the claims in *Harding* and *Smalls* are nearly identical and

for judicial efficiency and other reasons, *Harding* and *Smalls* are now consolidated. While Plaintiffs should have simultaneously moved to amend in both *Harding* and *Smalls*, there is absolutely no reason to deny amendment in this case. From a legal standpoint, the Court must consider whether the Rule 16 good cause standard is applicable under the circumstances here, and if so, whether Plaintiffs have established "good cause" to permit the amendment.

First, the Rule 16 good cause standard should not apply under the circumstances of these cases. The Scheduling Order deadline relied upon is an outdated, superceded and, as a practical matter, entirely artificial deadline. It is in an Order entered years ago by a Magistrate Judge no longer assigned to the case. Many of the deadlines previously entered have passed and are simply no longer operative. As noted above, during the course of the litigation, several Magistrate Judges were assigned to the matter and entered multiple scheduling orders and modified scheduling dates, with the last order holding certain dates in abeyance pending the resolution of discovery disputes. Consequently, no operative scheduling order was in place for months while discovery disputes were under consideration, settlement discussions were ongoing, and while a motion for class certification was pending.

Case management is not an exact science. Some cases take longer than others, some have time consuming discovery disputes, sometimes there is unavoidable delay, and sometimes cases get assigned and reassigned to different judges. It may not be ideal, but it is reality. It is now my responsibility to establish an operative schedule to move these

consolidated cases to resolution on the merits. It would be inequitable and unjust to base an important decision on a dated, inoperative scheduling order, and the Court declines to do so. Since Defendants do not argue the Rule 15 factors (which were previously decided) the motion to amend will be granted.

Second, even if the Rule 16 standard was applied, Plaintiffs have established the requisite good cause to alter the Scheduling Order. Plaintiffs represent that they only discovered the factual basis for their alter-ego claim long after the deadline to amend. (Reply Br. at 2.) Plaintiffs explain that they moved for leave to amend after testimony taken in the *Smalls* case confirmed that TTS is the alter-ego of Defendants in the two actions. Specifically, Plaintiffs learned for the first time that Defendants allegedly shared overlapping management and infrastructure, utilized and shared a comprehensive computer and accounting system, as well as other facts which provide the basis for their veil-piercing allegations. (Reply Br. at 3.) Given that Plaintiff only learned of these alleged facts which support their proposed claims in April 2017, it would have been impossible for them to have sought leave to amend prior to the July 24, 2015 deadline.

Moreover, Plaintiffs' further explain that the procedural posture in *Harding* likewise impacted their ability to learn the salient information and seek leave to amend. Plaintiffs point out that *Harding* was bifurcated between class and merits-related discovery, and that the Court ultimately entered an Order on October 15, 2015, holding the schedule in abeyance after discovery disputes arose. (Reply Br. at 4; CM/ECF Nos. 40, 46.) An operative scheduling order was never put in place afterwards. Plaintiffs

subsequently moved for class certification in August 2016 and the Court denied the motion, without prejudice, on October 30, 2017. Basically, Plaintiffs contend that they could not move for leave to amend without the underlying facts which were discovered long after the deadline to amend and while their motion for class certification was pending. Plaintiffs emphasize, however, that they sought leave to amend shortly after class certification was denied, and within weeks following a case management conference with the Court on November 16, 2017.

The Court, in its discretion, finds that Plaintiffs have made a sufficient showing to satisfy the good cause standard of Rule 16 to permit leave to amend the Complaint now. See Thoman v. Philips Med. Sys., No. 04-3698, 2007 WL 203943, at *10 (D.N.J. Jan. 24, 2007) (the Court has "great discretion in determining what kind of showing the moving party must make in order to satisfy the good cause requirement of Fed.R.Civ.P. 16(b)"). Plaintiffs had not discovered the facts that support the proposed allegations of veil-piercing until long after the July 25, 2015 deadline to amend contained in the Scheduling Order. Therefore, it would not have been possible for Plaintiffs to have complied with the deadline in the Scheduling Order. While the Court recognizes that much time has passed since the old deadline to amend expired, the passage of time, by itself, does not preclude a finding of good cause. See Sabatino v. Union Twp., No. 11-1656, 2013 WL 1622306, at *3-4 (D.N.J. Apr. 15, 2013). Given the totality of the circumstances, and in particular Plaintiffs' diligence in moving to amend once they learned of the factual basis underlying their veil-piercing claim, the Court finds that

9

Plaintiffs have shown good cause to grant them leave to amend their Complaint.  See In re Merck & Co., Inc. Vytorin/Zeta Sec. Litig., No. 08-2177, 2012 WL 406905, at *3 (D.N.J. Feb. 7, 2012) (in addition to examining the diligence of the party moving to amend, courts also consider other factors that might understandably account for counsel's failure to comply with the scheduling order).

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion for leave to amend is **granted.**

                                  s/Mark Falk
                                  **MARK FALK**
**Dated: July 11, 2018**                 **United States Magistrate Judge**