**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NANCY HARDING & JEFF HARDING, on behalf of themselves and all others similarly situated, *Plaintiffs*, v. JACOBY & MEYERS, LLP, et al., *Defendants*. | Civil Action No. 14-5419 |
| BARBARA J. SMALLS, on behalf of herself and all others similarly situated, *Plaintiff*, v. JACOBY & MEYERS, LLP, et al., *Defendants*. | Civil Action No. 15-6559  **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Presently before the Court is Defendants' motion for reconsideration of this Court's January 28, 2020 Opinion and Order, that granted in part and denied in part Defendants' motion for summary judgment. D.E. 208. Plaintiffs filed a brief in opposition to the motion. D.E. 209.[1]

---

[1] Defendants' brief in support of their motion for reconsideration, D.E. 208-1, will be referred to as "Def. Br." and Plaintiffs' brief in opposition, D.E. 209, will be referred to as "Plfs. Opp.".

The Court reviewed the submissions made in support of and opposition to the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendants' motion for reconsideration is **DENIED**.

I.       **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

This matter arises from a dispute between Plaintiffs Nancy and Jeffrey Harding, and their former lawyers, Finkelstein & Partners, LLP ("F&P"), and Plaintiff Barbara J. Smalls and her former lawyers, Jacoby & Myers, LLP ("J&M"). Plaintiffs allege that the Law Firm Defendants[2] improperly charged them for work performed by Total Trial Solutions, LLC ("Total Trial"), a litigation support company that is partially owned by Andrew Finkelstein, the managing partner of F&P and J&M. The Court will not review the case's full factual and procedural history here but instead incorporates by reference the factual and procedural background from its January 28, 2020 Opinion ("January 28 Opinion"). D.E. 171.

In the January 28 Opinion, the Court denied Defendants' motion for summary judgement as to Plaintiffs' allegation that the Law Firm Defendants and Total Trial are alter egos. January 28 Opinion at 6-10. The Court also denied Defendants' motion with respect to Plaintiffs' claims for breach of fiduciary duty (Count One), Breach of Contract (Count Two), and New York General Business Law ("GBL") § 349 (Count Three), which are dependent on the alter ego allegations. *Id.* at 10-17. In denying Defendants' motion for each of these claims, the Court determined that there was a genuine dispute of material fact as to whether Plaintiffs paid inflated prices for certain non-legal expenses that were performed by Total Trial. *See, e.g.*, January 28 Opinion at 12. In this motion, Defendants contend that newly discovered evidence, which are purported admissions in

---

[2] F&P, J&M, and Andrew Finkelstein are referred to collectively herein as the "Law Firm Defendants."

Plaintiffs' reply brief in support of their motion for class certification, should cause the Court to grant Defendants' motion for summary judgment upon reconsideration. Namely, Defendants maintain that this new evidence "completely change[s] the issues raised with respect to Plaintiffs' alter ego claims, which were at the center of the Court's analysis" in the January 28 Opinion, and "should lead the Court to a different result." Def. Br. at 1.

## II. ANALYSIS

### a. Timeliness of Defendants' Motion

Defendants seek reconsideration pursuant to Federal Rule of Civil Procedure 54(b). Def. Br. at 2. Plaintiffs first argue that Defendants' motion must be denied because it was not filed within fourteen days of the January 28 Opinion. Plfs. Opp. at 4-5. Rule 54(b) provides that any order that does not decide all the liabilities and claims at issue "may be revised *at any time* before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b) (emphasis added). In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i). The rule provides that "unless otherwise provided for by statute or rule," such motions must be made within fourteen days of the entry of the order of which the party seeks reconsideration. L. Civ. R. 7.1(i). Rule 54(b) expressly permits a motion to be filed at any time. Fed. R. Civ. P. 54(b). Accordingly, the standard fourteen-day time limit does not apply to a motion for reconsideration filed pursuant to Rule 54. *See MZM Constr. Co., Inc. v. N.J. Bldg. Laborers' Statewide Benefit Funds*, No. 18-16328, 2019 WL 3812889, at *11-12 (D.N.J. Aug. 14, 2019) (recognizing that the court can consider a Rule 54(b) motion after fourteen days from entry of the order at issue). Therefore, the Court rejects Plaintiffs' timeliness argument.

Here, Defendants filed their motion for reconsideration approximately three weeks after learning of the alleged new evidence. While not especially expedient, Plaintiffs do not challenge

the timeliness of Defendants' motion on these grounds. As a result, the Court considers Defendants' motion timely.

### b. Substantive Basis for Reconsideration

The substantive standards for a Rule 54(b) motion for reconsideration are no different than a motion for reconsideration filed pursuant to Local Civil Rule 7.1(i). *See DiNoia v. Cumbo*, No. 12-3175, 2016 WL 183526, at *1 (D.N.J. Jan. 14, 2016). Consequently, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). As discussed, in this instance Defendants argue that reconsideration should be granted because of new evidence that was not previously available.

Defendants contend that there is new evidence in footnotes from Plaintiffs' reply brief in support of their motion to certify a class. Def. Br. at 1. In the first footnote, Plaintiffs state that their "claims do not accuse [Total Trial] of the unauthorized practice of law." Instead, "Plaintiffs allege that the law firms improperly outsourced tasks to alter-ego [Total Trial] that should have been performed by the law firms." Plfs. Class Cert. Reply at 4 n.4, D.E. 200. Defendants contend that this footnote changes Plaintiffs' legal theories in this matter and negates Plaintiffs' claim that Total Trial was performing improper legal services. Def. Br. at 3.

The Court disagrees. This footnote does not change Plaintiffs' legal theories in this matter, and the fact that Plaintiff is not alleging that Total Trial engaged in the unauthorized practice of law has been a component of Plaintiffs' case. For example, in opposing Defendants' motion for summary judgment with respect to Plaintiffs' breach of fiduciary duty claims, Plaintiffs argued

4

that to the extent that Total Trial "performs non-legal services under F&P's roof," Defendants are ethically forbidden from assessing a surcharge. Plfs. Opp. at 17. With respect to their breach of contract claim, Plaintiffs argued that "besides performing legal services, [Total Trial] performs services which New York precedent has deemed a necessary part of a properly equipped lawyer's office." *Id.* at 23.

Moreover, the Court's ruling in the January 28 Opinion was not premised on the fact that Total Trial's work constituted an unauthorized practice of law. In deciding that Total Trial and the Law Firm Defendants were alter egos, the Court explained that a reasonable jury may conclude that there was fraud or inequitable conduct because F&P used Total Trial to make a profit from work that was previously performed by F&P and covered by F&P's contingency fee. January 28 Opinion at 9. The alleged inequity was the misuse of the corporate form to generate a profit at Plaintiffs' expense. Critically, the Court did not address whether this work could be considered an unauthorized practice of law. This is further illustrated by the analysis of Plaintiffs' breach of fiduciary duty claim. Namely, the Court explained that a jury could conclude that F&P's practice of using Total Trial to write biographies "amount[s] to a surcharge for non-legal expenses." *Id.* at 11; *see also id.* at 17 (denying summary judgment for Plaintiffs' GBL § 349 claim because "there is a genuine issue of material fact as to whether Finkelstein and F&P unreasonably marked-up non-legal fees from Total Trial"). Again, the alleged wrongful practice here is the potential overcharge to Plaintiffs, not the fact that Total Trial's work constituted an unauthorized practice of law. Consequently, Plaintiffs' theory that Defendants improperly outsourced non-legal services to Total Trial is not new.

The other purported new evidence is that Plaintiffs allegedly clarified that they believe that the retainers misleadingly describe Total Trial as an independent contractor. Plfs. Class Cert.

Reply at 4 n.2. Defendants also maintain that this new admission materially changes the Court's alter ego analysis. Defs. Br. at 1. But again, Plaintiffs made this argument in the summary judgment briefing and Defendants acknowledged the argument in their reply brief. *See* Defs. SJ Reply at 9 (explaining that the § 349 and breach of fiduciary duty claims arise from the same theory "that the terms and disclosures in the law firms' retainer agreements were deceptive because they stated that TTS was an independent contractor when it was really an alter ego of [the Law Firm Defendants]"); *see also* Plfs. SJ Opp. Br. at 28 (arguing that "the retainer falsely represents [Total Trial] as an independent contractor"). Thus, Defendants were clearly aware of Plaintiffs' theory regarding the retainer agreements well before Plaintiffs filed their motion for class certification.

In sum, Defendants have failed to point to any new evidence that was not available to them when the summary judgment motion was decided. The Court, therefore, will not reconsider its January 28 Opinion.

For the reasons stated above, and for good cause shown,

IT IS on this 16th day of June, 2021

**ORDERED** that Defendants' motion for reconsideration, D.E. 208, is **DENIED**.

John Michael Vazquez, U.S.D.J.