**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NANCY HARDING & JEFF HARDING, on behalf of themselves and all others similarly situated, | Civil Action No. 14-5419 |
| *Plaintiffs*, | |
| v. | |
| JACOBY & MEYERS, LLP, et al., | |
| *Defendants*. | |
| BARBARA J. SMALLS, on behalf of herself and all others similarly situated, | Civil Action No. 15-6559 |
| *Plaintiff*, | |
| v. | **OPINION** |
| JACOBY & MEYERS, LLP, et al., | |
| *Defendants*. | |

**John Michael Vazquez, U.S.D.J.**

Presently before the Court is Plaintiffs' renewed motion for class certification. D.E. 188. Defendants filed a brief in opposition to the motion, D.E. 195, to which Plaintiffs filed a brief in reply, D.E. 200. Defendants also filed a surreply after obtaining leave from this Court. D.E. 205. Also before the Court is Defendants' motion to strike Plaintiffs' expert. D.E. 196. Plaintiffs filed a brief in opposition, D.E. 204, to which Defendants replied, D.E. 207. The Court reviewed the

submissions made in support of and opposition to the motions[1] and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Plaintiffs' motion for class certification and Defendants' motion to strike are **DENIED without prejudice**.

I.   **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

This matter arises from a dispute between Plaintiffs Nancy and Jeffrey Harding, and their former lawyers, Finkelstein & Partners, LLP ("F&P"), and Plaintiff Barbara J. Smalls and her former lawyers, Jacoby & Myers, LLP ( "J&M"). Plaintiffs allege that the Law Firm Defendants[2] improperly charged them for work performed by Total Trial Solutions, LLC ("Total Trial"), a litigation support company that is partially owned by Andrew Finkelstein, the managing partner of F&P and J&M. The Court does not review the case's full factual and procedural history here but instead incorporates by reference the factual and procedural background from its January 28, 2020 Opinion (the "SJ Opinion") that granted in part and denied in part Defendants' motion for summary judgment. D.E. 171.

Plaintiffs Nancy and Jeffrey Harding previously sought class certification in this matter, D.E. 80, which was denied by this Court without prejudice (the "Class Cert. Opinion"), D.E. 100, 101. In denying the motion, the Court explained that the Hardings lacked critical evidence to support their legal theories that Total Trial's work was overpriced or should have been performed by the Law Firm Defendants. Class Cert. Opinion at 8-9. As a result, the Hardings were unable

---

[1] Plaintiffs' brief in support of their motion for class certification, D.E. 189, will be referred to as "Plfs. Br."; Defendants' brief in opposition, D.E. 195, will be referred to as "Defs. Opp."; Plaintiffs' reply brief, D.E. 200, will be referred to as "Plfs. Reply"; and Defendants' surreply, D.E. 205, will be referred to as "Defs. Surreply".

[2] F&P, J&M, and Andrew Finkelstein are referred to collectively herein as the "Law Firm Defendants."

to indicate which Total Trial services were at issue on a class-wide basis. *Id.* at 10-12. Accordingly, the Court concluded that the Hardings could not satisfy the typicality or commonality requirements of Federal Rule of Civil Procedure 23(a). *Id.*

After the Hardings' initial motion for class certification was denied, the Hardings moved to consolidation the matter with Plaintiff Smalls's case. D.E. 116. On June 29, 2018, Judge Falk granted the motion to consolidate. D.E. 127, 128. Plaintiffs then amended their Complaint to include allegations that Total Trial is the alter-ego of F&P and J&M. D.E. 130. Defendants subsequently filed their motion for summary judgment. On January 28, 2020, this Court denied Defendants' motion for summary judgment as to Plaintiffs' alter-ego claims. SJ Opinion at 6-10. The Court also denied Defendants' motion with respect to Plaintiffs' claims for breach of fiduciary duty (Count One), Breach of Contract (Count Two), and New York General Business Law ("GBL") § 349 (Count Three). *Id.* at 10-17.

Plaintiffs[3] now seek to certify the following Rule 23(b)(3) class:

> F&P and J&M Clients who were billed and charged for tasks provided by [Total Trial] that constitute Actual Attorney Work, Law Firm Overhead, and Surcharge Tasks during the applicable statute of limitations

Plfs. Br. at 13. Plaintiffs also seek a class-wide declaratory judgment under Rule 23(b)(2), voiding all outstanding Total Trial charges for class members "who have been billed but have not paid for TTS charges," in addition to "voiding all profit earned on the Surcharge Tasks." *Id.*

## II.    CLASS CERTIFICATION STANDARD

Federal Rule of Civil Procedure 23 governs class actions. *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 590 (3d Cir. 2012). "[E]very putative class action must satisfy the four requirements

---

[3] Plaintiffs state that Nancy Harding passed away in 2019. Therefore, Mr. Harding and Ms. Smalls are the proposed class representatives.

3

of Rule 23(a) and the requirements of either Rule 23(b)(1), (2), or (3)." *Id.* at 590 (citing Fed. R. Civ. P. 23(a)-(b)).  Plaintiffs first bear the burden of showing that the proposed classes satisfy the four requirements of Rule 23(a):

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).  These four prongs are often referred to as numerosity, commonality, typicality, and adequacy.  *See, e.g., Erie Ins. Exch. v. Erie Indem. Co.*, 722 F.3d 154, 165 (3d Cir. 2013).

Plaintiffs also must show that the proposed classes satisfy Rule 23(b)(1), (b)(2), or (b)(3).  *Marcus*, 687 F.3d at 590.  Here, Plaintiffs argue that the putative classes meet the requirements of Rule 23(b)(2) and (b)(3).  Rule 23(b)(2) permits injunctive relief when "the party opposing the class has acted or refused to act on grounds that generally apply to the class."  Fed. R. Civ. P. 23(b)(2).  Under Rule 23(b)(3), a plaintiff must establish the following:

> [T]he questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

Pursuant to Rule 23(c)(1)(A), a court "must determine by order whether to certify the action

as a class action." Fed. R. Civ. P. 23(c)(1)(A). The decision to certify a class or classes is left to the discretion of the court. *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 310 (3d Cir. 2008), *as amended* (Jan. 16, 2009). "The requirements set out in Rule 23 are not mere pleading rules." *Marcus*, 687 F.3d at 591 (citing *Hydrogen Peroxide*, 552 F.3d at 316). "The party seeking certification bears the burden of establishing each element of Rule 23 by a preponderance of the evidence." *Id.* (citing *Hydrogen Peroxide*, 552 F.3d at 307). "A party's assurance to the court that it intends or plans to meet the requirements is insufficient." *Hydrogen Peroxide*, 552 F.3d at 318.

The Third Circuit emphasizes that "actual, not presumed, conformance with Rule 23 requirements is essential." *Marcus*, 687 F.3d at 591 (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)) (internal quotations omitted). "To determine whether there is actual conformance with Rule 23, a district court must conduct a 'rigorous analysis' of the evidence and arguments put forth." *Id.* (quoting *Falcon*, 457 U.S. at 161). This "rigorous analysis" requires a district court to "resolve all factual or legal disputes relevant to class certification, even if they overlap with the merits – including disputes touching on elements of the cause of action." *Id.* Therefore, a district court "may delve beyond the pleadings to determine whether the requirements for class certification are satisfied." *Hydrogen Peroxide*, 552 F.3d at 320.

### III. ANALYSIS

#### A. Rule 23(a) Requirements

##### 1. Numerosity

"No single magic number exists" to meet the numerosity requirement. *Summerfield v. Equifax Info. Servs. LLC*, 264 F.R.D. 133, 139 (D.N.J. 2009). Yet, "the Third Circuit has previously held that the numerosity requirement will generally be satisfied 'if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40.'" *Id.* (quoting *Stewart v.*

*Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001)).  But "[m]ere speculation as to the number of class members—even if such speculation is 'a bet worth making'—cannot support a finding of numerosity."  *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 357 (3d Cir. 2013) (citing *Marcus*, 687 F.3d at 596).

Plaintiffs contend that they satisfy the numerosity requirement because Defendants admit that through June 30, 2020, 4,865 F&P clients and 4,445 J&M clients were charged for Total Trial tasks.  Plfs. Br. at 15.  Defendants do not challenge class certification on numerosity grounds.  Accordingly, the Court concludes that Plaintiffs satisfy the numerosity requirement.

### 2. Typicality

The typicality requirement is "intended to preclude certification of those cases where the legal theories of the named plaintiffs potentially conflict with those of the absentees."  *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 183 (3d Cir. 2001).  However, all class members are not required to share identical cases – the requirement only mandates that a named plaintiff's individual circumstances cannot be "markedly different" from the other class members.  *Id.*  "If the claims of the named plaintiffs and putative class members involve the same conduct by the defendant, typicality is established regardless of factual differences."  *Id.* at 183-84.  For example, "a claim framed as a violative practice can support a class action embracing a variety of injuries so long as those injuries can all be linked to the practice."  *Id.* at 184 (citing *Baby Neal ex rel. Kanter v. Casey*, 43 F.3d 48, 63 (3d Cir. 1994)).  The Third Circuit has reasoned that the typicality requirement "does not mandate that all putative class members share identical claims, because even relatively pronounced factual differences will generally not preclude a finding of typicality where there is a strong similarity of legal theories or where the claim arises from the same practice or course of conduct."  *Id.* (internal quotations and citations omitted).

6

Defendants challenge typicality on numerous grounds. First, Defendants argue that Plaintiffs fail to explain how their claims compare to other class members, because the services provided by Total Trial differed amongst the putative class. Defs. Opp. at 10. Defendants continue that Plaintiffs' claims are not typical because they incurred different charges from Total Trial, which rely on different legal theories. Defs. Opp. at 11. This lack of a common practice or course of conduct was fatal to the Hardings' initial motion for class certification because they failed to provide evidence demonstrating what part of Total Trial's work was improper. The Hardings also failed to explain what components of Total Trial's work that was performed for them was improper or explain why it was inappropriate. Class Cert. Opinion at 10-11.

Plaintiffs now provide new evidence and contend that it cures the problems identified in the Court's prior decision. Plaintiffs provide spreadsheets with Total Trial billing codes that allegedly fall into three categories of improper charges. The categories are (1) "Actual Attorney Work," which consists of legal services that should have been included in the contingency fee; (2) "Office Overhead"; and (3) "Surcharge Tasks." *See* Decl. of Olimpio Lee Squitieri ("Squitieri Decl."), App. A-C. Plaintiffs also provide Harding and Smalls' invoices from Total Trial, which include tasks that appear on Plaintiffs' spreadsheets that outline the three alleged improper practices. *Id.*, Exs. 6, 7. Finally, Plaintiffs rely on an expert's opinion explaining that "many of the tasks, work or materials which the defendants outsourced to Total Trial and for which clients were bill[ed] . . . , should not have been subject of costs or disbursements chargeable to the client."[4] *Id.*, Ex. 15 at 9. Typicality is not a high threshold, and a plaintiff is not required to have identical

---

[4] Defendants seek to strike Plaintiffs' expert report. D.E. 196. Although the Court reviewed the report, it does not rely on any portion of the report to deny Plaintiffs' renewed motion for class certification. Consequently, the Court does not reach the merits of Defendants' motion to strike. Defendant's motion to strike is denied without prejudice, and Defendants can refile their motion at a later date, if necessary.

factual circumstances as the putative class members. Thus, with Plaintiffs' new evidence that specifically identifies problematic charges, the Court concludes that Plaintiffs satisfy the typicality requirement.

Defendants also argue that Smalls' claims are not typical of other class members because she had a different retainer agreement, never paid for the services provided by Total Trial, and is subject to affirmative defenses that could bar her recovery in this matter. Defs. Opp. at 12. A proposed class representative's claims are not typical if "the representative is subject to a unique defense that is likely to become a major focus of the litigation." *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 598 (3d Cir. 2009) (quoting *Beck v. Maximus, Inc.*, 457 F.3d 291, 301 (3d Cir. 2006)). Here, Smalls did not sign the standard retainer agreement that was allegedly signed by Harding and the putative class members. In addition, Defendants already sought summary judgment against Smalls because three liens purportedly exceed her potential recovery in this matter. In the Summary Judgment Opinion, the Court determined that "while it seems highly unlikely" that Smalls will personally recover because of the liens, it denied Defendants' motion for summary judgment because the Court could not conclude with certainty that Smalls was not entitled to any recovery. SJ Opinion at 6. Because the Court denied Defendants' motion on these grounds, the issues regarding Smalls' potential recovery remain and will likely be raised again if Plaintiffs prevail at trial. These two defenses appear to be unique to Smalls and are not shared by the other class members. And these defenses will likely become a major focus in this case. Smalls' claims, therefore, are not typical of the class.

Because Harding's claims are typical, however, Plaintiffs' motion for class certification does not fail. For the rest of this Opinion, however, the Court considers Plaintiffs' motion with Harding as the sole class representative.

8

### 3. Commonality

"Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011) (citation omitted). The class claims must rely on a "common contention" that is capable of being resolved by the class action. *Id.* at 338. The issue is not whether the class claims ask the same question, but whether the class action "will generate common answers apt to drive the resolution of the litigation." *Id.* at 350. The claims need not be identical, and they may have factual differences. *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 310 (3d Cir. 1994). However, lead plaintiffs must share at least one question of fact or law with the prospective class. *In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 426 (3d Cir. 2016).

Defendants do not challenge commonality. In the Hardings' initial motion for class certification, the Court explained that the Hardings could establish commonality if, for example, they provide evidence demonstrating that "any F&P client who was charged for A, B, and C services by Total Trial were improperly charged because F&P should have performed those services in-house." Class Cert. Opinion at 12. As discussed above, Plaintiffs now provide this evidence. Squitieri Decl., App. A-C. Further, Plaintiffs still argue that commonality exists because of the common retainer agreement. Plfs. Br. at 16. Based on these allegations, the Court concludes that Plaintiffs satisfy the commonality requirement.

### 4. Adequacy

In reviewing the adequacy element, a court must decide whether the class representative "has the ability and the incentive to represent the claims of the class vigorously, that he or she has obtained adequate counsel, and that there is no conflict between the individual's claims and those asserted on behalf of the class." *Sapir v. Averback*, No. 14-07331, 2015 WL 858283, at *3 (D.N.J.

9

Feb. 26, 2015) (citing *Falcon*, 457 U.S. at 157 n.13). "Adequate representation depends on two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class." *Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239, 247 (3d Cir. 1975). The "linchpin of the adequacy requirement is the alignment of interests and incentives between the representative plaintiffs and the rest of the class." *Dewey v. Volkswagen Aktiengesellschaft*, 681 F. 3d 170, 183 (3d Cir. 2015). Adequacy functions as a "catch-all requirement" that "tend[s] to merge with the commonality and typicality criteria of Rule 23(a)." *Newton*, 259 F.3d at 185 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)). "Whether a party adequately represents a class depends on all the circumstances of the particular case." *Wetzel*, 508 F.2d 247.

Although raised in their typicality argument, Defendants maintain that Harding is only an adequate representative for F&P's clients.[5] Defs. Opp. at 10. Defendants made this same argument in their motion to dismiss the Hardings' initial Complaint. Among other things, Judge Arleo determined that the Hardings could not assert claims against J&M based on an alter-ego or veil piercing arguments because there were no allegations in the Complaint to support such a conclusion. MTD Opinion at 8-9. Plaintiffs, however, amended their Complaint to include alter-ego allegations and their alter-ego theory survived Defendants' motion for summary judgment. SJ Opinion at 8-10. Accordingly, Harding is an adequate class representative for J&M and F&P's clients as a result of the alter-ego allegations.

Defendants do not otherwise challenge Plaintiffs' arguments as to adequacy. Further, the Court cannot identify any reason why Harding or class counsel are inadequate. Therefore, the

---

[5] Defendants also argue that Smalls is only an adequate representative for J&M's clients. Defs. Opp. at 10. Because the Court concluded that Smalls' claims are not typical, the Court does not address this argument with respect to Smalls.

Court determines that Plaintiffs appropriately demonstrate adequacy.

In sum, Harding satisfies the Rule 23(a) requirements for their proposed classes.

### B. Rule 23(b)(3) Requirements

As discussed, Plaintiffs seek to certify a Rule 23(b)(3) class. The requirements for Rule 23(b)(3) class certification are that "the questions of law or fact common to class members *predominate* over any questions affecting only individual members, and that a class action is *superior* to other available methods for fairly and efficiently adjudicating the controversy." *Dukes*, 564 U.S. at 362 (emphases added) (citing Fed. R. Civ. P. 23(b)(3)). These are commonly referred to as the "predominance" and "superiority" requirements. *Id.* The Third Circuit has also recognized that "[a] plaintiff seeking certification of a Rule 23(b)(3) class must prove by a preponderance of the evidence that the class is ascertainable." *Byrd v. Aaron's Inc.*, 784 F.3d 154, 163 (3d Cir. 2015), *as amended* (Apr. 28, 2015).

In conducting a predominance and superiority inquiry, the following factors are relevant:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3)(A)-(D).

### 1. Predominance

The predominance requirement is "a 'far more demanding' standard than the commonality requirement of Rule 23(a)." *Gonzalez v. Corning*, 885 F.3d 186, 195 (3d Cir. 2018) (quoting *Amchem Prods.*, 521 U.S. at 624). It "asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Ferreras v. Am. Airlines, Inc.*, 946 F.3d 178, 185 (3d Cir. 2019) (quoting *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016)). "Predominance turns on the 'nature of the evidence' and whether 'proof of the essential elements of the cause of action requires individual treatment.'" *Williams v. Jani-King of Phila. Inc.*, 837 F.3d 314, 319 (3d Cir. 2016) (quoting *Hydrogen Peroxide*, 552 F.3d at 311).

"At the class certification stage, the predominance requirement is met only if the district court is convinced that 'the essential elements of the claims brought by a putative class are capable of proof at trial through evidence that is common to the class rather than individual to its members.'" *Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 127 (3d Cir. 2018) (quoting *Gonzalez*, 885 F.3d at 195). District courts, therefore, "*must look first to the elements of the plaintiffs' underlying claims* and then, 'through the prism' of Rule 23, undertake a 'rigorous assessment of the available evidence and the method or methods by which [the] plaintiffs propose to use the evidence to prove' those elements." *Id.* at 128 (emphasis added) (quoting *Marcus*, 687 F.3d at 600). As noted, Plaintiffs assert the following claims in this matter: (1) breach of fiduciary duty; (2) breach of contract; and (2) a violation of GBL § 349. Defendants contend that Plaintiffs cannot prove any of these claims with common evidence. The Court reviews each claim separately.

### a. Breach of Contract

The "essential elements" for a breach of contract claim pursuant to New York law[6] "are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach." *Tudor Ins. Co. v. Unithree Inv. Corp.*, 137 A.D.3d 1259, 1259 (2d Dept. 2016). Here, Plaintiffs allege that Defendants violated the retainer agreements because Defendants ultimately received more than the agreed to 33 1/3% contingency fee by using Total Trial. But Plaintiffs do not allege that all of Total Trial's work was improper. Although Plaintiffs now identify the three alleged categories of improper tasks, they fail to identify a common charge that was always outsourced to Total Trial or other course of conduct that could be applied on a class wide basis. Instead, the evidence demonstrates that more than seventy attorneys worked on cases during the proposed class period, and it appears that the utilization of Total Trials' services was up to each attorney's individual judgment. *See* Squitieri Decl., Ex. 1 at 2, 15.

In addition, Total Trial performed many different services that varied by client. *See id.*, Ex. 3. This is illustrated by the work that Total Trial performed for the Hardings and Smalls. Although Total Trial provided photo services for both Smalls and the Hardings, Total Trial also performed other, non-overlapping services. *Compare id.* Ex. 6, *with* Ex. 7. For example, Total Trial wrote a biography for Harding, Ex. 6 at 1, but Total Trial only wrote biographies in 2% of F&P's cases in 2010. Ex. 1 at 16. In other words, while the three categories (either in the aggregate or potentially standing alone) may be sufficient to sustain a class action, Plaintiffs have fallen short in demonstrating how they can prove each/all of the categories through common evidence. As it

---

[6] The parties have not provided any choice of law analysis and appear to presume that New York substantive law applies to all of Plaintiffs' claims. Accordingly, the Court will also apply New York substantive law.

now stands, the factfinder would need to separately review each class member's invoices to determine if that client was separately billed for Total Trial's work and whether that work fell into one of the allegedly improper categories set forth by Plaintiffs. These individualized issues predominate Plaintiffs' breach of contract claim. At a minimum, Plaintiffs have not sustained their burden in demonstrating that these issues can be resolved through common evidence which predominates over individual issues. Plaintiffs, therefore, fail to establish predominance.

### b. Breach of Fiduciary Duty

Plaintiffs allege that the Law Firm Defendants use of Total Trial violated the Law Firm Defendants' ethical obligations, which amounted to a breach of their fiduciary duties. To establish a breach of fiduciary duty, "a plaintiff must prove the existence of a fiduciary relationship, misconduct by the defendant, and damages that were directly caused by the defendant's misconduct." *Daly v. Kochanowicz*, 67 A.D.3d 78, 95 (2d Dept. 2009) (quoting *Kurtzman v. Bergstol*, 40 A.D.3d 588, 590 (2d Dept. 2007). A violation of the Rules of Professional Conduct ("RPCs") may provide evidence as to an attorney's breach of his fiduciary duty. *Galasso, Langione, & Botter, LLP v. Galasso*, 53 Misc.3d 1202(A), 2016 WL 5108641, at *42 (Sup. Ct., Nassau Cty. Sept. 19, 2016).

The purported misconduct here is that Defendants overcharged for certain work performed by Total Trial, in violation of RPC 1.5. *See* Plfs. Reply at 10. Plaintiffs explain "that the price of the [Total Trial] services was unreasonable and expensive and/or should have been included [as] part of the retainer services." *Id.* at 11. But again, Plaintiffs fail to establish a common evidence by which the factfinder could ascertain whether all proposed class members were overcharged. Thus, the factfinder would be required to review each class member's invoices to ascertain what work was allegedly at issue and compare it to market rates. In addition, Plaintiffs do not attempt

to establish what the putative class should have actually paid in lieu of the alleged overcharges. Again, these are individualized issues that predominate the common, class-wide evidence. As a result, Plaintiffs also fail to establish predominance for their breach of fiduciary duty claim.

### c. GBL § 349

To succeed on a § 349 claim, a plaintiff must prove "first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000). A deceptive act or practice is one that is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Id.* (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25 (1995)). Plaintiffs' GLB § 349 claim suffers the same fate as the breach of contract and breach of fiduciary duty claims. The deceptive act or practice alleged here is the Law Firm Defendants use of Total Trial instead of performing the tasks in-house, along the unreasonable mark-up of services. But as discussed, Plaintiffs do not establish that they can prove a deceptive act through common evidence that predominates over any potential individual issues. Instead, the fact finder will be required to review individual invoices to determine if a deceptive act or practice occurred. Accordingly, individualized issues also predominate for Plaintiffs' GBL § 349 claim.

### 2. Superiority and Ascertainability

Because Plaintiffs do not meet their burden as to predominance, the Court will not address superiority or ascertainability. The Court, therefore, will not certify Plaintiffs' proposed Rule 23(b)(3) class and their motion is denied with respect to a Rule 23(b)(3) class.

The Court notes that its conclusion that individual issues predominate in establishing liability for each of Plaintiffs' claim is not necessarily fatal to certifying a class in this matter.

15

Consequently, the Court will deny Plaintiffs' motion without prejudice. A class action may be appropriate, provided that Plaintiffs demonstrate that there is common evidence to identify who is in the class and suffered harm (in each or all of the three categories), without the need to review individual client invoices for each putative class member.

### C. Rule 23(b)(2)

Rule 23(b)(2) allows for class treatment when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Dukes*, 564 U.S. at 360. "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Gates v. Rohm & Haas Co.*, 655 F.3d 255, 262 (3d Cir. 2011) (quoting *Dukes*, 564 U.S. at 360). "Although Rule 23(b)(2) classes need not meet the additional predominance and superiority requirements of Rule 23(b)(3), it is well established that the class claims must be cohesive." *Gates*, 655 F.3d at 263-64 (internal quotations omitted). The key to this cohesiveness requirement is "the indivisible nature of the injunctive or declaratory remedy warranted – the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Id.* at 264 (quoting *Dukes*, 564 U.S. at 360). Because all class members will be bound by a single judgment under Rule 23(b)(2), "a (b)(2) class may require more cohesiveness than a (b)(3) class." *Id.* at 264.

In this instance, Plaintiffs seek an injunction pursuant to Rule 23(b)(2) that voids certain Total Trial charges for F&P and J&M clients who still have outstanding invoices. Plfs. Br. at 29. Plaintiffs argue that if a Rule 23(b)(3) class is certified, then the entry of a declaratory judgment pursuant to Rule 23(b)(2) "flows naturally." *Id.* at 30. Plaintiffs do not otherwise explain why certification is appropriate under Rule 23(b)(2). Because the Court is not certifying a Rule 23(b)(3)

16

claim, Plaintiffs' Rule 23(b)(2) class also fails.

## IV.     CONCLUSION

For the reasons stated above, and for good cause shown, Plaintiffs' renewed motion for class certification, D.E. 188, and Defendants' motion to strike, D.E. 196, are **DENIED without prejudice**. An appropriate Order accompanies this Opinion.

Dated: June 25, 2021

_____
John Michael Vazquez, U.S.D.J.