**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NANCY HARDING and ESTATE OF JEFFREY HARDING, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>JACOBY & MEYERS, LLP, et al.,<br><br>*Defendants*. | Civil Action No. 14-5419<br><br>**OPINION** |
| BARBARA J. SMALLS, on behalf of herself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>JACOBY & MEYERS, LLP, et al.,<br><br>*Defendants*. | Civil Action No. 15-6559 |

**John Michael Vazquez, U.S.D.J.**

Presently before the Court is Plaintiff the Estate of Jeffrey Harding's second renewed motion for class certification. D.E. 232. Defendants opposed the motion, D.E. 236, to which Plaintiff filed a brief in reply, D.E. 241. Also before the Court is Defendants' motion to strike Plaintiffs' expert and the "Flomenhaft Memo." D.E. 237. Plaintiffs opposed this motion, D.E. 240, to which Defendants replied, D.E. 242. The Court reviewed the submissions made in support

of and opposition to the motions[1] and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).  For the reasons stated below, Plaintiff's motion for class certification and Defendants' motion to strike are **DENIED**.

## I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY

This matter arises from a dispute between Plaintiffs the Estate of Jeffrey Harding (the "Estate") and Nancy Harding,[2] and their former lawyers, Finkelstein & Partners, LLP ("F&P"), as well as Plaintiff Barbara J. Smalls and her former lawyers, Jacoby & Myers, LLP ( "J&M"). Plaintiffs allege that F&P, J&M, and Andrew Finkelstein improperly charged them for work performed by Total Trial Solutions, LLC ("Total Trial").  Total Trial is a litigation support company that is partially owned by Andrew Finkelstein, the managing partner of F&P and J&M. The Court does not review the case's full factual and procedural history here but instead incorporates by reference the factual and procedural background from its January 28, 2020 Opinion (the "SJ Opinion") that granted in part and denied in part Defendants' motion for summary judgment.  D.E. 171.

Plaintiffs Nancy and Jeffrey Harding previously sought class certification in this matter, D.E. 80, which this Court denied without prejudice (the "Class Cert. Opinion"), D.E. 100, 101.  In denying the motion, the Court explained that the Hardings lacked critical evidence to support their legal theories that Total Trial's work was overpriced or should have been performed by the law firms.  Class Cert. Opinion at 8-9.  As a result, the Hardings were unable to indicate which Total

---

[1] Plaintiff's brief in support of their motion for class certification, D.E. 233, is referred to as "Plf. Br."; Defendants' brief in opposition, D.E. 236, as "Defs. Opp."; and Plaintiffs' reply brief, D.E. 241, as "Plf. Reply."

[2] Nancy Harding passed away in 2019 and Jeffrey Harding passed away in 2021.  On November 4, 2021, the Estate was substituted as Plaintiff for Jeffrey Harding.  D.E. 231.

Trial services were at issue on a class-wide basis. *Id.* at 10-12. Accordingly, the Court concluded that the Hardings could not satisfy the typicality or commonality requirements of Federal Rule of Civil Procedure 23(a). *Id.*

The Hardings' matter was then consolidated with Plaintiff Smalls' case. D.E. 127, 128. Plaintiffs amended their Complaint to include allegations that Total Trial is the alter-ego of F&P and J&M. D.E. 130. Defendants subsequently filed their motion for summary judgment. On January 28, 2020, this Court denied Defendants' motion for summary judgment as to Plaintiffs' alter-ego claims. SJ Opinion at 6-10. The Court also denied Defendants' motion with respect to Plaintiffs' claims for breach of fiduciary duty (Count One), Breach of Contract (Count Two), and New York General Business Law ("GBL") § 349 (Count Three). *Id.* at 10-17.

Next, Mr. Harding and Ms. Smalls filed a renewed motion for class certification, seeking to certify Rule 23(b)(2) and (b)(3) classes. Renewed Class Cert. Op., D.E. 188. This Court denied Plaintiffs' motion. The Court first concluded that Ms. Smalls' claims were not typical of the class. *Id.* at 8. The Court further determined that with respect to their request for a Rule 23(b)(3) class, Plaintiffs failed to meet the predominance requirement because they could not establish that they could use common evidence to prove each of their claims. *Id.* at 13-15. Plaintiffs' Rule 23(b)(2) class was based on their Rule 23(b)(3) class, so the Court also denied Plaintiffs' request to certify a Rule 23(b)(2) class. *Id.* at 15-16.

On September 9, 2021, Plaintiffs sought leave to file a renewed motion for class certification for a "narrowed set of claims." D.E. 221 at 2. The Court granted Plaintiffs' request but explained that Plaintiffs would not be able to file any further motions for class certification. D.E. 223. On November 12, 2021, the Estate filed the instant motion. The Estate again seeks to certify classes under Rule 23(b)(2) and (b)(3), but also seeks to certify three Rule 23(b)(3)

subclasses based on the type of work performed by Total Trial.

## II.    CLASS CERTIFICATION STANDARD

Federal Rule of Civil Procedure 23 governs class actions.  *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 590 (3d Cir. 2012).  "[E]very putative class action must satisfy the four requirements of Rule 23(a) and the requirements of either Rule 23(b)(1), (2), or (3)."  *Id.* at 590 (citing Fed. R. Civ. P. 23(a)-(b)).  Plaintiffs first bear the burden of showing that the proposed classes satisfy the four requirements of Rule 23(a):

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).  These four prongs are often referred to as numerosity, commonality, typicality, and adequacy.  *See, e.g., Erie Ins. Exch. v. Erie Indem. Co.*, 722 F.3d 154, 165 (3d Cir. 2013).

Plaintiffs also must show that the proposed classes satisfy Rule 23(b)(1), (b)(2), or (b)(3). *Marcus*, 687 F.3d at 590.  Here, the Estate argues that the putative classes meet the requirements of Rule 23(b)(2) and (b)(3).  Rule 23(b)(2) permits injunctive relief when "the party opposing the class has acted or refused to act on grounds that generally apply to the class."  Fed. R. Civ. P. 23(b)(2).  Under Rule 23(b)(3), plaintiffs must establish the following:

> [T]he questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the

4

> desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

Pursuant to Rule 23(c)(1)(A), a court "must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). The decision to certify a class or classes is left to the discretion of the court. *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 310 (3d Cir. 2008), *as amended* (Jan. 16, 2009). "The requirements set out in Rule 23 are not mere pleading rules." *Marcus*, 687 F.3d at 591 (citing *Hydrogen Peroxide*, 552 F.3d at 316). "The party seeking certification bears the burden of establishing each element of Rule 23 by a preponderance of the evidence." *Id.* (citing *Hydrogen Peroxide*, 552 F.3d at 307). "A party's assurance to the court that it intends or plans to meet the requirements is insufficient." *Hydrogen Peroxide*, 552 F.3d at 318.

The Third Circuit emphasizes that "actual, not presumed, conformance with Rule 23 requirements is essential." *Marcus*, 687 F.3d at 591 (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)) (internal quotations omitted). "To determine whether there is actual conformance with Rule 23, a district court must conduct a 'rigorous analysis' of the evidence and arguments put forth." *Id.* (quoting *Falcon*, 457 U.S. at 161). This "rigorous analysis" requires a district court to "resolve all factual or legal disputes relevant to class certification, even if they overlap with the merits – including disputes touching on elements of the cause of action." *Id.* Therefore, a district court "may delve beyond the pleadings to determine whether the requirements for class certification are satisfied." *Hydrogen Peroxide*, 552 F.3d at 320.

### III.    ANALYSIS

The Estate contends that the Rule 23(a) requirements "are presumed satisfied" because of this Court's conclusions in the Renewed Class Certification Opinion. Plf. Br. at 4. In that opinion,

the Court determined that Plaintiffs satisfied the Rule 23(a) requirements only with respect to Mr. Harding's claims.  Renewed Class Cert. Op. at 5-11.  In their reply brief, the Estate argues that the Court does not need to revisit these issues because of the law of the case doctrine.  Plf. Reply at 4 n.2.  Defendants maintain that Plaintiffs must again establish that Mr. Harding's claims satisfy the Rule 23(a) requirements, and specifically argue that the Estate fails to satisfy the typicality requirement.  Defs. Opp. at 10-12.

"The law of the case doctrine 'limits relitigation of an issue once it has been decided' in the same case or litigation." *Scudder v. Colgate Palmolive Co.*, No. 16-7433, 2018 WL 4188456, at *2 (D.N.J. Aug. 31, 2018) (citing *Hoffman v. City of Bethlehem*, 739 F. App'x 144, 150 (3d Cir. 2018)).  Pursuant to the doctrine, a litigant is not provided with "a second opportunity to litigate a matter that has been fully considered by a court of coordinate jurisdiction, absent unusual circumstances." *Krys v. Aaron*, 106 F. Supp. 3d 472, 480 (D.N.J. 2015).  The Estate seeks to certify a newly defined class and subclasses, which it explains is narrower than the previously proposed class.  Plf. Br. at 3; Plf. Reply at 1.  Because the Estate now seeks to certify different classes, the parties are not relitigating an issue that has been fully considered by the Court.  The law of the case doctrine does not apply.

As discussed, plaintiffs bear the burden of showing that the proposed classes satisfy the four requirements of Rule 23(a).  *Marcus*, 687 F.3d at 591 ("The party seeking certification bears the burden of establishing each element of Rule 23 by a preponderance of the evidence.").  In addition, plaintiffs seeking to certify subclasses must also demonstrate that the subclasses separately satisfy Rule 23(a).  *See id.* at 594-95 ("When a plaintiff attempts to certify both a nationwide class and a state-specific subclass, . . . evidence that is sufficient to establish numerosity with respect to the nationwide class is not necessarily sufficient to establish numerosity with

respect to the state-specific subclass."); *see also In re Pet Food Prods. Liab. Litig.*, 629 F.3d 333, 343 (3d Cir. 2010) (explaining that "a class action may be divided into subclasses that are each treated as a class under Rule 23") (internal brackets omitted). The Estate does not address the numerosity, commonality, or adequacy requirements for its proposed narrowed class or subclasses. The Estate only argues that Defendants do not challenge these requirements. Plf. Reply at 7. But Defendants failure to challenge the requirements does not absolve Plaintiff of its burden to demonstrate that it satisfies each of the Rule 23(a) requirements. Thus, because the Estate fails to address each of the Rule 23(a) requirements, its motion for class certification is denied.[3]

In granting Plaintiffs' request to file the instant motion, the Court stated that "[i]f unsuccessful on the motion, Plaintiffs will not be allowed to make any further motions for class certification." D.E. 223. As a result, Plaintiffs are not permitted to file any further motions to certify a class in this matter. Plaintiffs must proceed with their claims on an individual basis.

## IV.    CONCLUSION

For the reasons stated above, and for good cause shown, Plaintiff the Estate of Jeffrey Harding's second renewed motion for class certification, D.E. 232, and Defendants' motion to strike, D.E. 237, are **DENIED**. An appropriate Order accompanies this Opinion.

Dated: May 13, 2022

John Michael Vazquez, U.S.D.J.

---

[3] The Estate partially relies on an expert report and the Flomenhaft memo to establish predominance pursuant to Rule 23(b)(3). *See, e.g.*, Plf. Br. at 9, 18. As discussed, Defendants seek to strike the expert report and the memo. D.E. 237. Because the Court does not address the predominance requirement, it does not need to reach the merits of Defendants' motion to strike.