**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| NANCY HARDING & JEFF HARDING, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>JACOBY & MEYERS, LLP, et al.,<br><br>*Defendants*. | Civil Action No. 14-5419 |
| BARBARA J. SMALLS, on behalf of herself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>JACOBY & MEYERS, LLP, et al.,<br><br>*Defendants*. | Civil Action No. 15-6559<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Presently before the Court is the motion of Plaintiff, the Estate of Jeffrey Harding, for reconsideration. Plaintiff seeks for the Court to reconsider its May 13, 2022 Opinion and Order denying Plaintiff's second renewed motion for class certification. D.E. 248 (the "May 13 Opinion"), 249. Defendants filed a brief in opposition to the motion. D.E. 250.[1] The Court

---

[1] For purposes of the Opinion and Order, the Court refers to Plaintiff's brief in support of its motion, D.E. 248-1, as "Plf. Br." and Defendants' brief in opposition, D.E. 250, as "Defs. Opp.".

reviewed the submissions made in support of and opposition to the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).  For the reasons stated below, Plaintiff's motion for reconsideration is **DENIED**.

## I.   FACTUAL BACKGROUND & PROCEDURAL HISTORY

This matter arises from a dispute between Plaintiffs the Estate of Jeffrey Harding (the "Estate") and Nancy Harding,[2] and their former lawyers, Finkelstein & Partners, LLP ("F&P"), as well as one between Plaintiff Barbara J. Smalls and her former lawyers, Jacoby & Myers, LLP ("J&M").  Plaintiffs allege that F&P, J&M, and Andrew Finkelstein improperly charged them for work performed by Total Trial Solutions, LLC ("Total Trial").  Total Trial is a litigation support company that is partially owned by Andrew Finkelstein, the managing partner of F&P and J&M.  The Court does not review the case's full factual and procedural history here but instead incorporates by reference the factual and procedural background from its January 28, 2020 Opinion (the "SJ Opinion") that granted in part and denied in part Defendants' motion for summary judgment.  D.E. 171.

The Hardings previously sought class certification in this matter, D.E. 80, which the Court denied without prejudice, D.E. 100 (the "Class Cert. Op."), 101.  The Hardings' matter was then consolidated with Smalls' case.  D.E. 127, 128.  Plaintiffs also amended their Complaint to include allegations that Total Trial is the alter-ego of F&P and J&M.  D.E. 130.

Mr. Harding and Ms. Smalls subsequently filed a renewed motion for class certification, seeking to certify Rule 23(b)(2) and (b)(3) classes.  D.E. 188.  The Court denied Plaintiffs' motion. D.E. 218 ("Renewed Class Cert. Op."), 219.  Plaintiffs sought to certify the following Rule

---

[2] Nancy Harding passed away in 2019 and Jeffrey Harding passed away in 2021.  On November 4, 2021, the Estate was substituted as Plaintiff for Jeffrey Harding.  D.E. 231.

23(b)(3) class:

> F&P and J&M Clients who were billed and charged for tasks provided by [Total Trial] that constitute Actual Attorney Work, Law Firm Overhead, and Surcharge Tasks during the applicable statute of limitations.

Renewed Class Cert. Op. at 3. The Court concluded that Smalls' claims were not typical of the class but that Jeffrey Harding satisfied the Rule 23(a) requirements. *Id*. at 6-8. The Court further determined that with respect to their request for a Rule 23(b)(3) class, Plaintiffs failed to meet the predominance requirement because they had not established that they could use common evidence to prove each of their claims. *Id.* at 13-15. Plaintiffs' Rule 23(b)(2) class was based on their Rule 23(b)(3) class, so the Court also denied Plaintiffs' request to certify a Rule 23(b)(2) class. *Id.* at 15-16.

Plaintiffs then filed a letter, requesting leave to file a second renewed motion for class certification on behalf of Jeffrey Harding. D.E. 221. Plaintiffs represented that they would be "narrowing the claims for which certification is sought" and referred to the upcoming motion as "the narrowed set of claims." *Id.* at 1-2. On October 1, 2021, the Court granted leave but indicated that if "unsuccessful on the motion, Plaintiffs will not be allowed make any further motions for class certification." D.E. 223 at 3.

In November 2021, Plaintiffs filed their second renewed motion for class certification for a "narrowed set of claims" pertaining only to the Estate. D.E. 232. The Estate proposed the following Rule 23(b)(3) class for certification:

> All clients of F&P and J&M who were charged for, and/or had deducted from their recovery, [Total Trial] charges on their cases.

D.E. 233 at 8. Plaintiff also proposed the following sub-classes for certification:

> 1. [Total Trial] charges for any services which constituted a mark up over cost of said services (the "Alter-Ego Overcharge" sub-class).

3

> 2. [Total Trial] charges for services which are deemed under New York law a part of the services to be performed by a law firm for no extra charge as part of a contingent fee retainer (the "Retainer-Overcharge" sub-class).
>
> 3. [Total Trial] charges for services which New York law deem part of law office overhead which is not separately billable to retainer contingent clients (the "Overhead Overcharge" sub-class).

*Id.* The Rule 23(b)(2) class was similar, except that it pertained to Total Trial charges that had been billed but not yet paid by the clients. *Id.*

As to the Rule 23(a) factors, Plaintiff cited to the Court's Renewed Class Certification Opinion and concluded that the factors were "presumed satisfied[.]" *Id.* at 4. Plaintiff did not provide any authority for this assumption except to say that the "prior Order and all evidence thereof in Plaintiff's first renewed motion (ECF 188-193) is incorporated by reference herein." *Id.* D.E. 188 was Plaintiff's notice of motion; D.E. 189 was Plaintiff's brief in support; D.E. 190 was a declaration in support, which attached appendices A-C and Exhibits 1-19; D.E. 191 was an additional declaration from Jeffrey Harding; D.E. 192 was also a declaration from Smalls; and D.E. 193 was a proposed order. In opposition, Defendants indicated that Plaintiff was mistaken in believing that it could rely on the Court's prior Rule 23(a) findings, focusing on the typicality requirement. D.E. 236 at 8, 10-12. Defendants reiterated that the party moving for certification bears the burden of demonstrating all relevant Rule 23 requirements by a preponderance of the evidence. *Id.* at 13.

On May 13, 2022, the Court denied the motion, again noting that the Estate bears the burden of showing the proposed classes satisfy the four requirements of Rule 23(a). May 13 Opinion at 4-6 (citations omitted). The Court observed that Plaintiff had not addressed numerosity, commonality, typicality, or adequacy requirements for "its proposed narrowed class or

4

subclasses." *Id.* at 7. The Court also did not agree with Plaintiff's "law of the case" argument because, among other things, Plaintiff was attempting to certify a different class and subclasses than the class previously ruled on by the Court. *Id.* at 6.

Plaintiff then filed the instant motion for reconsideration on May 27, 2022. D.E. 248.

## II. LEGAL STANDARD

In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i). The rule requires that such motions must be made within fourteen days of the entry of an order. Plaintiff complied with this requirement. Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted).

Granting a motion for reconsideration is an "extraordinary remedy" to be approved "sparingly." *NL Indus., Inc. v. Com. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citations omitted). Moreover, a motion for reconsideration does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Finally, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

Here, Plaintiff contends that the Court's decision was premised on a legal error and that

5

the Court overlooked facts that would have resulted in a different conclusion if considered. Plf. Br. at 3-8. To prevail under this prong, Plaintiff "must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" *Mason v. Sebelius*, No. 11-2370, 2012 WL 3133801, at *2 (D.N.J. July 32, 2012) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)).

### III.  ANALYSIS

In its motion for reconsideration, the Estate asserts that its incorporation by reference of the Court's prior order and evidence established the four requirements of Rule 23(a), that the Court erred in rejecting its earlier findings as to Rule 23(a), and that the evidence and legal argument the Estate submitted with its second renewed motion nevertheless met the Rule 23(a) requirements. Plf. Br. at 3-6.

Before turning to the Estate's substantive arguments, the Court first addresses one of Plaintiff's assertions in its motion. Plaintiff claims that the second renewed motion "did not alter the class in any substantive way" except to "break the class into sub-classes" while also dropping some categories of charges/overcharges. *Id.* at 1. As to the claim that the second renewed motion did not substantively change the class, Plaintiff said the exact opposite when requesting leave to file the motion and in its brief. In both documents, Plaintiff expressly indicated that it was narrowing its claims for relief. This representation was actually supported by the new three sub-classes, with each focusing on a different overcharge, *i.e.*, the "Alter-Ego Overcharge," "the Retainer-Overcharge," and the "Overhead Overcharge." Sub-classes are, of course, permitted. Fed. R. Civ. P. 23(c)(5). But each sub-class must also meet Rule 23(a) requirements. As to the new proposed class, the Court does not necessarily agree that it is narrower than that previously reviewed by the Court in the renewed class certification opinion. On its face, at least, the new

6

class appears to be broader. In the first renewed motion, Plaintiffs sought to certify a class of law firm clients who were charged for certain tasks by Total Trial, that is, tasks that comprised actual attorney work, law firm overhead, and surcharge work. In the second renewed motion, Plaintiff sought to certify a class consisting of all law firm clients who were charged for Total Trial work; the type of work was not separated into certain categories or otherwise limited. In short, Plaintiff had the burden of proving that the Rule 23(a) requirements were met for the class and each sub-class. And when a class is narrowed, one of the Court's first concerns is whether the numerosity requirement is still met. When a class is broadened, the Court's concerns are amplified.

As for Plaintiff's substantive arguments, Plaintiff first argues that incorporation by reference is permissible, and this Court erred because it failed to do so. *Id.* at 4. At the outset, Plaintiff relies on Federal Rule of Appellate Procedure 28(i), which permits parties to adopt aspects of another party's brief on appeal. Fed. R. App. P. 28(i). Obviously, this matter is not at the appellate stage, so this argument is inapposite. Putting aside this shortcoming, Plaintiff's argument misses the mark. The Court determined that its earlier findings were not applicable because Plaintiff had changed the class, and added new subclasses, for which it was seeking certification. May 13 Op. at 6-7. In other words, the Court did not rule that Plaintiff fell short because it sought to incorporate its prior materials by reference.[3] Instead, the proposed class and sub-classes were not certified because Plaintiff failed to prove the Rule 23(a) elements by a preponderance of the evidence. The Court denies the motion on this ground.

---

[3] At the same time, at least three of the documents which the Plaintiff sought to incorporate by reference were not relevant to proving the Rule 23(a) requirements in the second motion for reconsideration: the notice of motion, the Smalls' declaration, and the proposed order. D.E. 188, 191, 192.

Plaintiff next asserts that the Court incorrectly applied the law of the case doctrine[4] in the May 13 Opinion. Plf. Br. at 5. Again, Plaintiff represented that it was seeking to certify a more narrowly defined class and subclasses.[5] Because the Estate sought to certify different classes than it sought to certify in the renewed motion for class certification, the Court determined that the law of the case doctrine did not apply. May 13 Opinion at 6. Plaintiff now argues that the law of the case doctrine is applicable for procedural decisions in class action matters. Plf. Br. at 5. Plaintiff cites to two non-binding, out of circuit cases in support, *id.*, but neither are apposite. In *Weinman v. Fidelity Capital Appreciation Fund (In re Integra Realty Resources, Inc.)*, 354 F.3d 1246 (10th Cir. 2004), there were two separate appeals in the same case. The Tenth Circuit explained that the "division of appeals . . . was for administrative, not for substantive reasons." 354 F.3d at 1258. The Tenth Circuit further explained that "the central issues, briefs and counsel" in the second appeal were identical to those in the first. *Id.* As a result, the Circuit applied the law of the case doctrine to the repeated challenge to a class action settlement. *Id.* at 1259-60. Here, by comparison, the renewed and second renewed motions for class certification are not identical. Plaintiff sought to certify a newly defined class and subclasses through the second renewed motion. Next, in *Laffey v. Northwest Airlines, Inc.*, 740 F.2d 1071 (D.C. Cir. 1984), the court addressed who was included in an "open-ended class definition" for a class that had already been certified. *Id.* at 1091-92. Unlike here, no party sought to redefine or change the certified class. The Court denies the motion on this ground.

---

[4] The Court agrees with Defendants that the doctrine usually applies when a court decides on a rule of law. Defs. Br. at 5 n.3 (citation omitted). It appears that Plaintiff is actually arguing that the Court made a prior finding which cannot now be challenged. The Court might agree if Plaintiff had proposed the same class in the second renewed motion as it had in the first renewed motion.

[5] This argument also overlooks the apparently broader class that the Estate sought to certify.

8

Finally, Plaintiff argues that its evidence and legal argument in the second renewed motion were sufficient to establish that it satisfied the Rule 23(a) factors. Plf. Br. at 5-7. In making this argument, Plaintiff cites to various exhibits from an affidavit that Plaintiff filed in support of the second renewed motion. Notably, Plaintiff did not discuss any of these exhibits in arguing that it satisfied the Rule 23(a) requirements in its brief in support of its second renewed motion. Thus, Plaintiff is presently attempting to relitigate its second renewed motion by pointing to evidence it did not previously identify. This is not a permissible basis to grant a motion for reconsideration. *See Sch. Specialty, Inc.*, 2015 WL 4602995, at \*2-3. Accordingly, The Court denies the motion on this ground.

For the reasons stated above, and for good cause shown,

IT IS on this 6th day of July, 2022

**ORDERED** that Plaintiff's motion for reconsideration, D.E. 248, is **DENIED**.

_____
John Michael Vazquez, U.S.D.J.